**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL MESGHENA NEGASH, | No. 17-35034 |
| Petitioner–Appellant, | D.C. No. 2:14-CV-00106-BR-1 |
| v. | |
| STEVE FRANKE, | MEMORANDUM[*] |
| Respondent–Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted on June 6, 2018
Portland, Oregon

Before: M. SMITH and MURGUIA, Circuit Judges, and KORMAN,[**] District Judge.

Samuel Negash was convicted of twenty-four sexual offenses against his cousin, including first-degree rape, committed when she was fourteen to seventeen years old. After he exhausted his state court post-conviction remedies, Negash

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

petitioned for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction on the ground that the Confrontation Clause was violated when the trial judge denied his motion to strike translated testimony of the victim's mother, and when the trial judge admitted prior testimony from a witness who was unavailable to testify at trial. This appeal followed.

We review *de novo* the denial of a habeas petition. *Jones v. Taylor*, 763 F.3d 1242, 1245 (9th Cir. 2014). A petitioner must demonstrate that the state-court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Relief may not be granted without a showing of prejudice that "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

1. At trial, Negash's counsel moved to strike the victim's mother's translated testimony, arguing that alleged inaccuracies in the interpretation prevented Negash from confronting the witness. The judge denied the motion, holding that any mistranslations resulted in "very little" prejudice to Negash. Negash, who apparently understood the untranslated testimony, identified only one potential ambiguity in the translation—the difference between the words "discipline" and "control" in testimony about Negash's authority over the victim. Negash acknowledged in his

direct appeal that the "translated 'testimony' was largely benign" and "is not at issue." Instead, Negash suggested that, even though the witness was testifying for the prosecution, the translation may have missed testimony that "could have provided helpful information for the defense. Witnesses do, on occasion, surprise." This speculation is hardly sufficient to demonstrate the "actual prejudice" necessary to defeat the application of the harmless error rule, *id.* at 637, even assuming a violation of the Confrontation Clause.

2. Negash also challenges the admission of the transcript of restraining-order hearing testimony of an unavailable witness, Thomas Fetur, who was a friend of victim's family. At that hearing, Negash questioned Fetur without limitation about Fetur's relationship with the victim and her family, and about conversations Fetur had with the victim about her relationship with Negash.

Negash argues that, because the consequences of the restraining-order hearing and the trial were different, he did not have the same motivation to cross-examine Fetur at the prior hearing, and thus that admission of the testimony violated the Confrontation Clause. The Supreme Court has held that the prior testimony of an unavailable witness is admissible "if the defendant had an adequate opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. 36, 57 (2004). It has never held that an adequate opportunity to cross-examine requires a "similar motive to develop the testimony by direct, cross, or redirect examination," as some evidentiary rules

3

require. Or. Rev. Stat. § 40.465(3)(a) (2018); *see also* Fed. R. Evid. 804(b)(1)(A–B) (same).

Moreover, it is an open question whether the Confrontation Clause applies if the testimony from the earlier hearing was elicited by the defendant himself. Although *Ohio v. Roberts*, 448 U.S. 56, 70 (1980), *abrogated by Crawford*, 541 U.S. at 59, involved such a case, the Supreme Court did not expressly address this issue. Instead, *Roberts* assumed that the Confrontation Clause applied and left open the question whether "the mere opportunity to cross-examine rendered the prior testimony admissible" and "whether *de minimis* questioning is sufficient." *Id.* at 70. Indeed, as a leading treatise on the law of evidence observes:

> The constitutional ramifications when testimony originally offered *by* the accused is now admitted *against* him or her have not yet been resolved by the Supreme Court. The accused in such a case will have had at least some opportunity to develop the testimony by direct and re-direct examination, and this prior testimony was given in the accused's presence. The examination should be deemed the equivalent of cross-examination for the purposes of confrontation.

5 Mark S. Brodin et al., *Weinstein's Federal Evidence* § 804.04[6] (2d ed. 1997) (2018 printing). The State argued this on direct appeal.

Even if the Confrontation Clause applies to such testimony, Negash had a "similar motive" to question Fetur. The record indicates that Negash understood he would likely be a defendant in a criminal proceeding arising out of the conduct testified to during the hearing, and that subsequent criminal proceedings could likely

involve a charge that he raped the victim. Indeed, Negash affirmatively contested the restraining order, and when he was called by the victim's attorney to testify, he invoked his right not to. Under these circumstances, Negash's argument that he lacked sufficient motivation to examine Fetur is without merit.

Nor is that conclusion undermined by Negash's related argument that a restraining-order hearing involves "a less searching exploration into the merits of a case than a trial." *California v. Green*, 399 U.S. 149, 166 (1970). Indeed, in *Green* the Supreme Court held that prior testimony of an unavailable witness at a preliminary hearing was admissible at trial, where the only function of the hearing was to determine whether probable cause exists to hold the accused for trial, *id.* at 165, and in which "'cross-examination which would surely impeach a witness at trial would not preclude a finding of probable cause at the preliminary stage,'" *id.* at 195 n.7 (Brennan, J., dissenting) (quoting *People v. Green*, 70 Cal. 2d 654, 663 (1969)). *Cf. United States v. McFall*, 558 F.3d 951, 963 (9th Cir. 2009) (holding, in applying Fed. R. Evid. § 804(b)(1), that the motive to cross-examine at a prior hearing need not be "as intense as it would have been at trial").

**AFFIRMED**.

5